United States District Court
Southern District of Texas
ENTERED
October 16, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PEDRO APOLO ALMEIDA HERNANDEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-5791 |
| | § | |
| RANDY TATE, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Pedro Apolo Almeida Hernandez ("Petitioner"), a citizen of Cuba, entered the United States without inspection on an unknown date.[1] On April 4, 2023, an immigration judge ordered Petitioner removed from the United States to Cuba.[2] On May 24, 2026, Petitioner was taken into immigration custody.[3] Petitioner remains in immigration custody under 8 U.S.C. § 1231 and Respondents are working to remove him to Mexico.[4]

---

[1]Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Habeas Petition"), Docket Entry No. 1, p. 7; Response to Petition for Writ of Habeas Corpus and Motion for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 9, p. 2; see Sworn Declaration of Deportation Officer Clifton Hunt, Exhibit 3 to Respondents' MSJ, Docket Entry No. 9-3, p. 3 ¶ 5. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Respondents' MSJ, Docket Entry No. 9, p. 2.

[3]Id.

[4]Id.

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1).[5] Petitioner argues that his detention violates the Constitution.[6] Also pending before the court is Respondents Motion for Summary Judgment (Docket Entry No. 9). Respondents argue that Petitioner's Habeas Petition should be denied because he failed to show that his detention violates Zadvydas v. Davis, 121 S. Ct. 2491 (2001).[7]

When a petitioner is subject to a final order of removal, he may challenge continued detention under Zadvydas, which "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." 121 S. Ct. at 2498. Under Zadvydas, a detention period of six months after a final order of removal has been issued is presumed to be reasonable. Asmerom v. Martinez, CIVIL ACTION NO. 4:26-CV-00793, 2026 WL 1707195, at *3 (S.D. Tex. Jun. 11, 2026). Petitioner was ordered removed on April 4, 2023, but has only been detained since May 24, 2026. Thus Petitioner has been detained under a final order of removal for approximately five months. "Because [Petitioner] has not been in custody past the presumptively reasonable period [of six months] outlined in Zadvydas, he does not demonstrate that his detention violates the Constitution and he does not state an actionable claim for relief." Parker v. Sessions, CIVIL ACTION NO. H-18-2261, 2018 WL 11491450, at *2 (S.D. Tex. July 16, 2018).

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 9) is **GRANTED**. Because Petitioner's detention may become unlawful in the future under Zadvydas, Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Docket

---

[5]Petitioner has also filed his Motion for My Immediate Release (Docket Entry No. 8).

[6]Habeas Petition, Docket Entry No. 1, pp. 6–7. Petitioner's claim is not clear. However, because Petitioner is pro se and because he is under a final order of removal, the court will address his general claim as a Zadvydas claim.

[7]Respondents' MSJ, Docket Entry No. 9, pp. 1–2.

Entry No. 1) is **DISMISSED WITHOUT PREJUDICE** as premature. Accordingly, Petitioner's Motion for My Immediate Release (Docket Entry No. 8) is **DENIED**.

Petitioner may re-file his petition if (1) he has not been removed after the six-month time period has expired, (2) he has exhausted all available administrative remedies, and (3) he can show that he has cooperated with ICE in obtaining travel documents to effect his removal. 8 U.S.C. § 1231(a)(1)(C).

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 16th day of October, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE